WOLFGRAM, Respondent, vs. STERNBERG and others, Appellants.

*May 3—June 20, 1927.*

*Fraud: False representations as to value of mortgage: Evidence as to value: Purchase price of lands on foreclosure.*

1. In an action against real-estate brokers and the assignor of a mortgage for fraud in inducing plaintiff to accept it in trade, the evidence is *held* to sustain a verdict for the plaintiff, in that the mortgaged premises were not adequate security for the mortgage, and that the mortgage was not as good as cash, as was represented by the defendants. p. 345.

2. In such case an assessment of damages in the amount of the deficiency judgment resulting on the foreclosure of the mortgage some five years after the transaction is *held* not excessive, as the mortgage, because of its terms, could not be foreclosed until then, though default had occurred earlier; and because it did not have a known market, the purchase price at foreclosure is some evidence of the value of the land at the time plaintiff accepted it. p. 345.

APPEAL from a judgment of the circuit court for Marathon county: BYRON B. PARK, Judge. *Affirmed.*

An appeal from a judgment in favor of the plaintiff and against the defendants in the sum of $3,734.96 damages and costs.

For the appellants there was a brief by *A. W. Prehn* and *Smith & Bachhuber,* all of Wausau, and oral argument by *F. E. Bachhuber.*

For the respondent there was a brief by *A. H. Eberlein* of Wausau and *Otto P. Lehner* and *Lehner & Lehner* of

Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

CROWNHART, J.   This was an action against the defendants to recover damages on the ground of misrepresentations and fraud in a real-estate transaction.   The matter was submitted to a jury upon a special verdict, and the jury found that the defendants represented to the plaintiff that a $6,000 mortgage which the plaintiff received in the trade was as good as gold and as good as cash; that the representations were false; that the plaintiff believed and relied upon such representations; that the value of the farm upon which the mortgage was secured, in 1921, at the time of the deal, was $4,400, and on January 30, 1926, $3,600; that the agents who consummated the deal, the defendants *Sternberg* and *Zahn,* were paid a commission by the defendant *Kranz;* that the plaintiff did not know that said defendants were acting for *Kranz;* that the plaintiff's loss on the $6,000 mortgage was $4,009.96, and that the defendants had agreed to buy back the mortgage if not paid when due.

The evidence on the part of the plaintiff was to the effect: In the month of September, 1921, respondent and his wife entered the office of the defendants *Sternberg* and *Zahn,* real-estate agents, and made a contract with them for the sale of respondent's farm, the price set being $14,000, said agents to receive a commission of five per cent.   The agents brought the defendant *Kranz* to the home of the respondent as a prospective purchaser, and negotiations proceeded. *Kranz* did not have the ready money but had a mortgage for $6,000 on a farm, which he wished to turn in as part payment.   Respondent and his wife examined the mortgaged premises before the deal, but they were incompetent to pass upon the value.   They objected to taking the mortgage, but upon the repeated assurances of the defendants that the mortgage was as good as cash and as good as gold, and that it would be better for the plaintiff than cash, they finally

consented to take the mortgage. The mortgage was payable in instalments, and there was no provision in the mortgage for declaring the whole amount due on default of any instalment. Payments on the mortgage were defaulted, but it was several years before the whole amount became due and the respondent was able to obtain foreclosure and thereby ascertain his loss. The appellant brokers secretly accepted a commission for making the deal from appellant *Kranz.*

The appellants here urge as errors that the verdict of the jury was not sustained by the evidence as to the value of the mortgaged premises; as to the amount of the damages; as to the agents secretly taking a commission from *Kranz;* and that plaintiff did not have a right to rely upon the representations made as to the value of the mortgage. Appellants further assign as errors the admission of evidence over the objections of the defendants, and in the instructions of the court. These assignments were presented to the trial court on the motions before judgment, and the trial court, in his opinion, said: "There is evidence to support all the jury's findings," and "There was an entire want of capacity on the part of plaintiff and his wife to determine whether the mortgage was as represented."

An examination of the evidence clearly shows that it is sufficient to justify the verdict of the jury. The evidence very clearly establishes that the mortgaged premises were not adequate security for the mortgage, and that the mortgage was not as good as gold or as good as cash. The amount of damages found by the jury was the amount of the deficiency judgment resulting from the sale of the property.

Under the circumstances of this case, we think the evidence justifies the verdict of the jury as to the damages. There was a default in 1922, and the respondent urged *Sternberg* to take the mortgage back and pay him the purchase price. *Sternberg* refused. The mortgagor was insolvent. Respondent then consulted an attorney, who started foreclosure proceedings, but because of the form of the

mortgage he could not procure a judgment and sale of the premises until 1926.   Upon the sale there was a deficiency judgment.   The jury had these facts before them, together with their finding of the value of the mortgaged land in 1921 and in 1926.   The appellants contend that the only evidence admissible was evidence of the value of the mortgage in 1921 at the date of the transaction.   Assuming that to be the correct rule, it is manifest that value must be found from the facts and circumstances involved.   The mortgage had no known market value.   That value depended on the value of the security and the ability to realize thereon.   That must be found from the best evidence obtainable.   Clearly, investors would not buy at face value.   They would consider the probable value from the same facts before the jury, excepting the purchase price on sale of the land.   The purchase price at the foreclosure sale was some evidence of the value of the mortgage in 1921, in view of conditions therein.   We conclude that the assessment of damage should not be disturbed.

As to the other assignments of error, they have had our attention, but we agree with the trial court that there is evidence to support all the findings of the jury.   No further comment is necessary.

*By the Court.*—The judgment of the circuit court is affirmed.